IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCT LIABILITY LITIGATION (No. VI) | Consolidated Under MDL DOCKET NO. 875 |
| This Document Relates To: | |
| | E.D. WI (Milwaukee) |
| Jeanette Morris, Individually and as Personal Representative on behalf of the estate of Michael Morris, | Case No. 2:94-CV-00216 |
| | Hon. Rudolph T. Randa |
| Plaintiff, | |
| v. | |
| Anchor Packing Co., et al., | |
| Defendants. | |

## JOINT PRETRIAL STATUS REPORT

In anticipation of the telephonic scheduling conference in this case, set for June 18, 2013 at 10:30 a.m. (CDT), and as an aid in final preparations for trial, the parties, Defendant CBS Corporation and Plaintiff Jeanette Morris, present the following Joint Pretrial Status Report for the Court's consideration. Where parties disagree as to status, their respective positions are noted herein.

### BACKGROUND

The present case was originally filed in this Court in 1994 and was subsequently transferred to MDL-875 (the "asbestos MDL") in the Eastern District of Philadelphia. Mr. Michael Morris died in September 2000. An order appointing Ms. Jeanette Morris as special administrator of Mr. Morris' estate was entered in November 2008. In March

2011, this case was referred to Magistrate Judge David R. Strawbridge for pretrial discovery, settlement conference, and trial preparation. Judge Strawbridge placed this case on a scheduling order with deadlines for completion of fact discovery (7/13/2012), completion of expert discovery (9/25/2012), and filing of dispositive motions (10/8/2012).

Plaintiff contends that CBS did not timely file expert reports in this case. Plaintiff further contends that after discovery closed CBS filed a dispositive motion based on an alleged settlement agreement in 2002.

CBS contends that this case stands in a unique procedural posture, as it was the subject of a 2002 settlement agreement between the Plaintiff and CBS. Because CBS believed this matter to have been resolved, CBS did not participate in discovery, tender expert witness reports, or file a dispositive motion while this case was pending in MDL-875. Following the expiration of the dispositive motions deadline, CBS learned that Plaintiff did not consider the settlement agreement to be enforceable, and that she considered CBS to be a viable defendant. CBS then moved to enforce the 2002 settlement agreement.

CBS's motion to enforce the 2002 settlement agreement was denied, after briefing and oral argument, by Magistrate Judge Strawbridge. No objection was filed to the recommended magistrate decision, which was adopted by written order of the district court judge supervising the asbestos MDL.

CBS then moved to reopen discovery, claiming reliance on the settlement agreement. This motion was also denied by Magistrate Judge Strawbridge. Plaintiff contends that the motion was denied because Magistrate Judge Strawbridge found no

justifiable reliance on an alleged agreement which CBS took no action to enforce for a period of 10 years. CBS contends that its motion was denied in the interest of judicial economy and in light of the fact that this case and others on a similar scheduling order were on track for remand to their respective transferor courts.

This case was then remanded to this Court as being "trial ready" per the standard language of the written orders for remand issued by the MDL-875 district judge.

### DISCOVERY AND PRE-TRIAL PROPOSAL

Of the thousands of cases CBS has litigated in MDL-875, including hundreds of cases filed by Plaintiff's counsel, the present case stands alone as one in which CBS did not participate in discovery. That is because CBS believed the case to have been resolved. Owing to this, and to Magistrate Judge Strawbridge's denial of CBS's motion to reopen discovery, CBS now finds itself facing the trial of this case having tendered no expert witnesses and not having deposed Plaintiff's fact witnesses. CBS therefore proposes a brief period prior to trial during which the following items may be accomplished:

1) Update and complete expert witness designations.

2) Depose of CBS' expert witnesses, as requested by Plaintiff.

3) Conduct limited, telephonic depositions of Plaintiff's product identification witnesses by CBS (deposed only by Plaintiff during MDL-875 discovery).

Plaintiff opposes this proposal.

The parties agree on the following pretrial schedule, which would take place during a brief period prior to trial:

1) Depose Plaintiff Jeanette Morris (family member depositions were deferred during MDL-875 discovery).

2) Supplement past discovery responses about possible settlement set-offs and bankruptcy claims.

3) Exchange exhibits to be used at trial by the parties.

4) Exchange final trial witness lists by the parties.

5) File and resolve non-dispositive motions in limine that were not part of the scheduling order of the MDL court.

## TRIAL SETTING

CBS requests that this Court set the *Morris* case for trial no sooner than April, 2014 due to the anticipated trial schedule between CBS and counsel for Plaintiff. CBS and CVLO presently have three cases set for trial that were remanded to their transferor courts from MDL-875 prior to the *Morris* case.[1]

Plaintiff requests the earliest available trial setting. Plaintiff contends that the *Morris* case, which is remanded as trial ready, should proceed quickly to conclusion in the trial court. Plaintiff disagrees that the "volume" of cases involving CBS or specifically CVLO clients requires a 12-month delay in trial setting from the remand date. Plaintiff disputes that the individual *Morris* case can be delayed by asbestos cases to which CBS is a party pending before other judges given the tens of thousands of asbestos cases in the hundreds of jurisdictions. To so delay the cases would delay trial dates for many years, if not decades. The MDL court repeatedly directed all parties to employ sufficient counsel to avoid defaulting under the expedited deadlines in large volumes of cases. The same directive is applicable to trial counsel.

Dated this 17th day of June, 2013.

---

[1] The *Kinser* case is set for trial on 11/18/2013, the *Gehrt* case is set for trial on 12/19/2013, and the *Pray* case is set for trial on 2/10/2014.

BOWMAN AND BROOKE LLP

By  /s/ Roshan N. Rajkumar
    Barry J. Koopmann (#1049838)
    Roshan N. Rajkumar
    150 South Fifth Street, Suite 3000
    Minneapolis, Minnesota 55402
    Telephone: (612) 339-8682
    Facsimile: (612) 672-3200

*Attorneys for Defendant*
*CBS Corporation, a Delaware*
*corporation, f/k/a Viacom Inc.,*
*successor by merger to CBS*
*Corporation, a Pennsylvania*
*corporation, f/k/a Westinghouse*
*Electric Corporation*


CASCINO VAUGHAN LAW OFFICES

By  /s/ Robert G. McCoy
    Robert G. McCoy (WSB#1054014)
    Michael P Cascino
    220 South Ashland Avenue
    Chicago, Illinois 60607
    Telephone: (312) 944-0600
    Facsimile: (312) XXX-XXXX

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June 17, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF.

                BOWMAN AND BROOKE LLP

                By    /s/ Roshan N. Rajkumar
                    Roshan N. Rajkumar