IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCT LIABILITY LITIGATION (No. VI) | Consolidated Under MDL DOCKET NO. 875 |
| This Document Relates To: | |
| Jeanette Morris, Individually and as Personal Representative on behalf of the estate of Michael Morris, | E.D.WI (Milwaukee) Case No. 2:94-CV-00216 Hon. Rudolph T. Randa |
| Plaintiff, | |
| v. | |
| Anchor Packing Co., et al., Defendants. | |

**CBS CORPORATION'S MOTION FOR RECONSIDERATION OF THIS COURT'S DECISION AND ORDER DATED JULY 28, 2012 AND SUPPORTING MEMORANDUM**

COMES NOW, Defendant, CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "CBS/Westinghouse"), seeking reconsideration of this Court's Decision and Order, entered on July 28, 2013, which denied CBS/Westinghouse's request for limited pretrial discovery. Reconsideration is warranted in light of a July 23, 2013 Order issued by Judge Eduardo C. Robreno, the presiding judge of MDL-875, requiring counsel to show cause why "new scheduling orders and briefing schedules" should not be entered" in all Cascino Vaughan Law Offices ("CVLO")

1

cases in MDL-875 in which the case management orders have run their course. (*See July 23, 2013 Order by Judge Robreno*) (attached hereto as "Exhibit A.") CBS/Westinghouse requests that the Court reconsider its July 28, 2013 Order in this case in light of Judge Robreno's July 23, 2013 Order as well as his forthcoming resolution of that Order.

## BASIS FOR RECONSIDERATION

The 7th Circuit has stated that:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion. To support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion.

*Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotes and cites omitted.)

Judge Robreno's July 23, 2013 Order constitutes new, previously unavailable evidence pertinent to this Court's July 28, 2013 Order denying CBS/Westinghouse's request for limited pretrial discovery. Judge Robreno's July 23, 2013 Order applies to all CVLO cases pending in MDL-875 in which case management orders have been completed, including all remaining cases in "CVLO-3 Group", of which this case was included prior to its remand. As that order, and its forthcoming resolution, provide or will provide information regarding the discovery and pre-remand proceedings in the CVLO cases in which case

management orders have been completed in MDL-875, the order and its resolution are highly relevant to the Court's July 28, 2013 Order.

## ARGUMENT

In his July 23, 2013 Order, Judge Robreno, speaking of all CVLO cases in MDL-875 in which the deadlines in the various case management orders have run, stated that "[i]n reviewing [these cases] for disposition of summary judgment motions, the Court finds a great deal of disarray with the parties' discovery requests and responses, as well as confusing motions." (*See July 23, 2013 Order by Judge Robreno*, p. 1 n.1.)  Judge Robreno went on to state:

> The Court finds that, given the procedural history of these cases, the substantive issues presented cannot be resolved on their merits based upon the current records.
>
> . . . .
>
> The efficient administration of these cases, and the interests of justice, require that a new scheduling order be issued in each case with deadlines for discovery requests and responses to be made, and dispositive motions to be filed and responded to by the Plaintiff(s).

(*Id.*)  The present case suffers from these issues as well.  Other cases on the same case management order as the present case, the "CVLO-3" group[1], are subject to Judge Robreno's Order and may be placed on a new case management order for discovery and dispositive motions.  Should those CVLO-3 cases still pending in MDL-875 be placed on a new case management order, or if other relief is granted, CBS/Westinghouse requests that the Court grant the same relief in the present case, since it, like other CVLO-3 cases, has serious

---

[1] The Amended Case Management and Scheduling Order, to which the present case was subject while pending in MDL-875, is attached to this motion as "Exhibit B."

discovery issues and "the substantive issues presented cannot be resolved on their merits based on the current record[]." (*July 23, 2013 Order by Judge Robreno*, p. 1 n.1.)

## **CONCLUSION**

WHERFORE, for the foregoing reasons CBS/Westinghouse requests that the Court reconsider its Decision and Order entered in this case on July 28, 2013 denying Westinghouse's request for limited pretrial discovery in light of Judge Robreno's July 23, 2013 Order and the forthcoming resolution of that Order.

Dated this 2nd day of August, 2013.	**BOWMAN AND BROOKE LLP**

By /s/ Roshan N. Rajkumar
Roshan N. Rajkumar
150 South Fifth Street, Ste. 3000
Minneapolis, Minnesota 55402
Telephone: (612) 339-8682
Facsimile: (612) 672-3200

**Attorneys for Defendant
CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a
Westinghouse Electric Corporation**

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>August 2, 2013</u>, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF.

**BOWMAN AND BROOKE LLP**

By <u>/s/ Roshan N. Rajkumar</u>
Roshan N. Rajkumar