UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **Margaret L. Wondrash, as Special** ) | |
| **Administrator of the Estate of Michael Morris,** ) | **Case No. 2:94-CV-00216** |
| ) | |
| **Plaintiff,** ) | **Hon. Rudolph T. Randa** |
| ) | |
| **v.** ) | |
| ) | |
| **CBS Corporation,** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO REOPEN DISCOVERY

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Civil L. R. 26 (c) for the Eastern District of Wisconsin Local Rules, Defendant CBS Corporation ("CBS") moves this Court for an Order to reopen discovery, which closed February 10, 2014. Reopening discovery will permit the parties time to update their now stagnant discovery by conducting depositions of Decedent's medical consultant Philip M. DeTrana, M.D., and Decedent's coworkers William Ackley and Thomas Schauer.

This motion is made on the grounds that the statutory criteria for reopening discovery has been satisfied, and the spirit and intent of the Federal Rules of Civil Procedure warrant the reopening of discovery for the reasons stated herein. Further, as the Court continued the trial date of April 21, 2014 to September 22, 2014, there is no prejudice to Plaintiff Margaret Wondrash if discovery is reopened for the limited purposes of these three (3) depositions. And further, CBS would be prejudiced if it is unable to conduct discovery from the one person consulted on Decedent's alleged mesothelioma, and to discuss Decedent's work history with the two primary individuals Plaintiff intends to produce at trial to testify as to Decedent's alleged

1

exposure to CBS/Westinghouse products.

This motion is based on this Motion and Memorandum of Law, and Declaration of Roshan N. Rajkumar filed herewith, the records, papers and pleadings on file in this action, and on such further and other matters as may be requested by the Court.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REOPEN DISCOVERY

### I. BACKGROUND

This lawsuit was originally filed in the United States District Court for the Eastern District of Wisconsin ("E.D.WI") in 1994, and was subsequently transferred to MDL-875 in the United States District Court for the Eastern District of Pennsylvania ("MDL-875"). Mr. Michael Morris ("Decedent") died in September 2000. An order appointing Ms. Jeanette Morris as special administrator of Decedent's estate was entered in November 2008. On May 3, 2013, this case was remanded from the MDL-875 to the transferor court, the E.DWI. Subsequently, Jeanette Morris died on November 9, 2013. An order appointing Margaret L. Wondrash as special administrator of Mr. Morris' estate was entered February 11, 2014.

As this Court knows, CBS believed this matter resolved in 2002 by settlement, and did not participate in discovery while in MDL-875 because of its reasonable belief of settlement. However, upon remand to this Court, and at the direction of this Court, CBS briefed why it should be permitted to conduct limited discovery to complete its defense of this case. On July 28, 2013, this Court denied in part and granted in part CBS's request. The Court permitted a limited discovery period through February 10, 2014, but only to update settlement set-offs, update and exchange trial witness and exhibit lists, and depose then Plaintiff Jeanette Morris and family members.

2

Due to Jeanette Morris health she was not deposed before she passed away on November 9, 2013. Subsequently, CBS deposed Plaintiff Margaret Wondrash on January 9, 2014. During the limited discovery period, Plaintiff noticed the deposition of Decedent's treating physician Dr. Michael Hoftiezer. *See* Plaintiff's Notice of Deposition of Dr. Michael Hoftiezer, dated December 20, 2013, attached to the Declaration of Roshan N. Rajkumar ("Raj. Aff.") as Exhibit A. During Dr. Hoftiezer's deposition, CBS learned that he had examined Decedent fourteen (14) years ago; referred Decedent to a consulting physician, Philip M. DeTrana, M.D., as Hoftiezer was not an expert in pulmonary function or mesothelioma; and relied upon Dr. DeTrana's August 8, 2000 report in executing Decedent's Death Certificate. *See* Deposition of Dr. Hoftiezer, pp. 8-13, 16-19, dated January 20, 2014, attached to Raj. Aff. as Exhibit B.

Upon learning of Dr. Hoftiezer's reliance upon the impressions and opinions of Philip M. DeTrana, M.D., in assigning the cause of death was mesothelioma, CBS counsel attempted to contact Dr. DeTrana. CBS wished to discuss Dr. DeTrana's report issued on August 8, 2000 relating to Decedent's diagnosis. *See* Holy Family Memorial Medical Center Report of Philip M. DeTrana, M.D., dated August 8, 2000, attached to Raj. Aff. as Exhibit C. Beginning on January 25, 2014, CBS's counsel, Roshan Rajkumar, made numerous phone calls to Dr. DeTrana, who is employed at Aurora Sheboygan Clinic, to discuss his report. However, on February 7, 2014, Dr. DeTrana's handler indicated Dr. DeTrana had no recollection of something that occurred more than 10 years old, and would not discuss Decedent's diagnosis with CBS. *See* Raj. Aff., ¶¶ 8-10.

During the discovery period of this case in the MDL-875, Plaintiff identified two (2) individuals, William Ackley and Thomas Schauer, who she claimed are coworkers of Decedent. Mr. Ackley was deposed in this matter by Plaintiff's counsel, CVLO, on March 3, 2012;

3

however, CBS was not present at this deposition or able to conduct cross-examination of Mr. Ackley.  *See* Deposition Transcript of William Ackley, dated March 8, 2014, attached to Raj. Aff. as Exhibit D.  Mr. Thomas Schauer is a client of CVLO.  CVLO represented Mr. Schauer in his own asbestos cases in the MDL-875, *see* PACER Case No. 2:09-cv-61371, and before this Court, *see* E.D.WI Case No. 2:92-cv-01177.  CBS was not a party to either of Mr. Schauer's lawsuits. Subsequently, Mr. Schauer was deposed in this matter on February 28, 2012, but again without CBS's counsel being present.  *See* Deposition Transcript of Thomas Schauer, dated February 28, 2012, attached to Raj. Aff. as Exhibit E.

Based on these facts, CBS respectfully requests that this Court exercise its discretion to reopen discovery.

## II.  THIS COURT HAS AUTHORITY TO GRANT LEAVE TO REOPEN DISCOVERY

Civil Local Rule 26(c) provides that:

> **Completion of Discovery**. Unless the Court orders otherwise, all discovery must be completed 30 days before the date on which trial is scheduled. Completion of discovery means that discovery (including depositions to preserve testimony for trial) must be scheduled to allow 28 depositions to be completed, interrogatories and requests for admissions to be answered, and documents to be produced before the deadline and in accordance with the provisions of the Federal Rules of Civil Procedure. ***For good cause, the Court may extend the time during which discovery may occur or may reopen discovery.***

Wisconsin Eastern District Local Rules (2010) (emphasis added).

CBS requests that this Court exercise its discretion to permit the requested limited discovery as doing so will help ensure an efficient and fair trial on the merits.  *See Mizwicki v. Helwig*, 196 F.3d 828, 833 (7th Cir. 1999) ("the district court has broad powers to determine the proper method of preparing a case for trial"); *Packman v. Chicago Tribune Co.*, 267 F.3d 628,

4

646 (7th Cir. 2001) ("[d]istrict courts have broad discretion in discovery matters"); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000) (Timing and substance of motion to extend discovery, which led district court to deny request, was not an abuse of its discretion.)

The decision whether to reopen discovery is a two-step process. First, this Court must allow the pretrial schedule to be modified under Federal Rules of Civil Procedure Rule 16(b). The schedule shall not be modified unless there is a showing of "good cause and with the judges consent." Fed. Rule Civ. Proc. §16(b)(4). In this matter, good cause exists to modify the pretrial schedule, pursuant to Rule 16(b) given:

1. This lawsuit was filed in 1994.

2. This matter resided in the MDL-875 from 1994-2013.

3. Upon remand to the E.D.WI, trial was set for April 22, 2014.

4. The initial, limited discovery cutoff date was February 10, 2014.

5. Defendant was diligent in conducting investigation and discovery before the initial deadline for limited discovery ran.

4. A recent continuance has set the new trial date for September 22, 2014 – five (5) months from the initial trial date, and seven (7) months from the initial close of limited discovery permitted by this Court.

5. Since remand from MDL-875, a number of new unknowns have arisen, which need investigation through discovery.

Next, the final decision to reopen discovery is left to the sound discretion of the trial court. District courts of the Seventh Circuit do not have a focused check-list to follow when considering whether to grant a party's request to reopen discovery, but a framework was

5

presented in *Raymond v. Ameritech Corp.*, 442 F.3d 600 (7th Cir. 2006). Utilizing *Raymond*, this Court has the discretion to reopen discovery by considering:

    1.    Whether CBS's argument to reopen discovery has merit;

    2.    Whether CBS knew of the potentially new information a significant period of time before close of discovery;

    3.    Whether the expected value of evidence sought is strong;

    4.    The likelihood that discovery will lead to relevant evidence; and

    5.    Whether trial is imminent.

In this case, the factors weigh heavily in favor of reopening discovery. First, CBS's argument has merit, as it seeks highly relevant evidence that will ensure a more efficient and effective trial. Dr. DeTrana is the only medical professional who opined a potential diagnosis of mesothelioma. *See* Raj. Aff., Exhibit C. Dr. DeTrana's opinions are the sole reason why Dr. Hoftiezer's assigned mesothelioma as Decedent's cause of death. *See* Raj. Aff., Exhibit B. CBS should be given the opportunity to subpoena Dr. DeTrana to depose him on how he reached a possible conclusion that Decedent had mesothelioma. *See* Raj. Aff., Exhibit C. Further, Plaintiff did not name Dr. DeTrana on its Expect Witness Disclosure, and therefore CBS needs additional time to subpoena Dr. DeTrana, and determine whether to call him at trial.

Further CBS was never given the opportunity to cross-examine Messrs. Ackley and Schauer, two alleged coworkers of Decedent, in this case. On information and believe, both witnesses are clients of Plaintiff's counsel, CVLO, and therefore CBS could not contact them directly for an interview, let alone depose them without consent of CVLO. In his March 8, 2012 deposition, Mr. Ackley indicated that he worked with Decedent during construction at Point

6

Beach Nuclear Station, though he could not say exactly what Decedent did while at that job-site. *See* Raj. Aff., Exhibit D. In his February 28, 2012 deposition, Mr. Schauer testified that he worked out of the same plumbers/pipefitters local with Decedent for twenty (20) years. *See* Raj. Aff., Exhibit E. Further Mr. Schauer alleged he worked with Decedent at three (3) paper mills during that time period, including at Proctor & Gamble, James River, and Fort Howard mills. *Id*. CBS has the right to depose these two alleged coworkers and confront them as to their testimony, which was unfettered by objection or oversight previously. These facts support the merit of CBS's motion to reopen discovery.

CBS acted diligently. CBS learned of Dr. Hoftiezer's reliance upon the report and opinions of Dr. DeTrana at Hoftiezer's deposition on January 20, 2014. *See* Raj. Aff., Exhibit B. Upon learning of potentially highly relevant evidence involving Dr. DeTrana, CBS counsel attempted to contact Dr. DeTrana beginning on January 25, 2014, and ending on February 7, 2014. *See* Raj. Aff., ¶¶ 8-10. Once DeTrana affirmatively declined to speak with CBS about Decedent's diagnosis, CBS was without recourse to subpoena DeTrana within the limited discovery period provided by this Court CBS's actions speak to its diligent effort within the Court's time period for limited discovery to speak with, and potentially depose DeTrana.

CBS was not permitted under this Court's limited discovery to depose any fact witnesses other than Mrs. Jeanette Morris, and family members. Once CBS obtained deposition transcripts of Messrs. Ackley and Schauer, CBS's local counsel reviewed the transcripts, and determined that making a request to reopen discovery as to these two witnesses was warranted. Again, CBS acted diligently in determining what discovery needed to be taken, and requesting relief from this Court to do the same.

7

Dr. DeTrana's testimony is both of high value and likely to lead to relevant evidence to be presented at trial. Further his testimony would assist the jury in determining whether a diagnosis of mesothelioma was accurate or reasonable. Dr. DeTrana's testimony would also go to the credibility of Dr. Hoftiezer's reliance upon DeTrana's opinions before signing off on Decedent's Death Certificate.

The ability of CBS to cross-examine Messrs. Ackley and Schauer is also of high value, and would lead to relevant evidence to be presented at trial. Cross-examination will aid in limiting these witnesses' testimony to only those areas they have actual knowledge. By CBS deposing these witnesses, it will ensure that conjecture and hearsay testimony, which could be highly confusing to a jury and prejudicial to CBS, is kept out of trial in this matter.

Finally, trial is not imminent as it was continued until September 22, 2014.

CBS has provided good cause for this Court to use its broad discretion to permit reopening discovery for the limited discovery requested. Further, applying the *Raymond* court's framework for granting CBS's motion to reopen discovery, CBS believes the facts presented weigh in favor of granting its motion so that trial of this matter will be more efficient and effective, as well as assist the trier of fact in reaching its verdict.

### III. CONCLUSION

For the foregoing reasons, CBS respectfully requests its motion to reopen discovery be granted. Defendant only seeks sufficient time to conduct three (3) depositions, which can be completed by August 22, 2014 – 30-days before trial. And reopening discovery for a short period will have no prejudicial effect on the parties; however, failing to do so may prevent CBS from properly defending this case.

Dated this 12th day of May, 2014.     BOWMAN AND BROOKE LLP


By /s/ Roshan N. Rajkumar
   Roshan N. Rajkumar
150 South Fifth Street, Suite 3000
Minneapolis, Minnesota 55402
Telephone: (612) 339-8682
Facsimile: (612) 672-3200
Roshan.Rajkumar@bowmanandbrooke.com

and

William D. Harvard
Ivan A. Gustafson
EVERT WEATHERSBY HOUFF
200 Cleveland Road, Suite 6
Bogart, Georgia 30622
Telephone: (706) 389-7300
Facsimile: (706) 389-7301
wdharvard@ewhlaw.com
IAGustafson@ewhlaw.com

**ATTORNEYS FOR CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION**


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 12, 2014, the foregoing document and attachments were filed with the Clerk of the Court for the Eastern District of Wisconsin using the CM/ECF system, which will send notification of such filing via transmission of Notices of Electronic Filing upon all parties who have appeared in this matter.

BOWMAN AND BROOKE LLP


By /s/ Roshan N. Rajkumar
   Roshan N. Rajkumar

9