IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| MORRIS v. ANCHOR PACKING CO, et al. | E.D. WI No. 94-CV-0216 |
| | Hon. Rudolph T. Randa |

**PLAINTIFF'S RESPONSE TO CBS CORPORATION'S
MOTION TO REOPEN DISCOVERY**
_____

Plaintiff responds to CBS Corporation's ("CBS") motion to reopen discovery as follows:

INTRODUCTION

In the Joint Pretrial Status Report the parties agreed certain discovery was proper on remand. Thereafter CBS moved this Court to reopen additional discovery prior to trial and allow filing of dispositive motions. That motion was denied and a motion to reconsider was also denied. In its present motion CBS again moves this Court to reopen discovery to allow the taking of additional depositions.

PROCEDURAL HISTORY

In the motion to reopen discovery CBS seeks to relitigate issues already ruled upon by Judge Eduardo C. Robreno and Magistrate Judge David Strawbridge in the Eastern District of Pennsylvania District Court while this matter was part of the federal Multidistrict Litigation-875 ("the MDL") for asbestos cases. (Ex. 1 at n. 1.) This Court has also already denied CBS's

requested relief, insofar as CBS seeks a second deposition of the decedent's coworkers William Ackley ("Ackley") and Thomas Schauer ("Schauer").[1] (Ex. 2 at 2.)

While this matter was part of the MDL, Magistrate Judge Strawbridge on September 28, 2011, entered a scheduling order setting deadlines of May 7, 2012, for the close of fact discovery, June 18, 2012, for filing defense expert reports, and July 16, 2012, for the close of expert discovery. (Ex. 4 at 2.) CBS did not file expert reports or participate in fact or expert discovery.

CBS filed a dispositive "motion to enforce" on November 20, 2012, for an alleged ten-year-old settlement agreement between the parties and requested dismissal of the action with prejudice as relief. After the motion to enforce was briefed and orally argued, Judge Robreno entered an order, dated March 13, 2013, denying CBS's motion. (Ex. 5.) The district court adopted the Report and Recommendation of U.S. Magistrate Judge David R. Strawbridge, which stated, in relevant part: "We conclude the Wisconsin Statute of limitations precludes CBS's right to enforce the settlement agreement. We further conclude that CBS is not entitled to rely on equitable estoppel to toll the running of the statute of limitations."[2] (Ex. 5; Ex. 6 at 7.)

Eight days later on March 12, 2013, CBS filed a "Motion to Reopen Discovery," in the MDL claiming "its failure to participate in discovery, submit expert reports, and file dispositive

---

[1] The Court's order entered July 28, 2013 does not specifically reference the coworkers, but it specifies "CBS Corporation's request for discovery prior to trial is **DENIED**, except as agreed upon by the parties in the Joint Pretrial Status Report." (Ex. 2 at numbered ¶ 1.) In the disputed portion of the joint proposal CBS sought to "Conduct limited, telephonic depositions of Plaintiff's product identification witnesses by CBS (deposed only by Plaintiff during MDL-875 discovery)." (Ex. 3 at 3.)

[2] Magistrate Judge Strawbridge was assigned by MDL 875 supervising District Court Judge Robreno to the consolidated Cascino Vaughan Law Offices MDL 875 cases for discovery and pretrial issues.

motions in this case is the result of excusable neglect." (Ex. 7 at 4.) The MDL motion sought essentially the same relief as the disputed discovery matters which CBS has now sought to reopen twice on remand. Plaintiff filed an opposition to reopening discovery in the MDL. Magistrate Judge Strawbridge denied CBS's motion in the MDL and entered an order dated April 4, 2013, finding, *inter alia*, no "good cause" existed to reopen the scheduling order for multiple reasons including that "we have already rejected [in ruling on the motion to enforce] CBS' contention that it reasonably relied on an unconfirmed ten-year-old settlement agreement when failing to conduct discovery or in any way move the case forward during the allotted time period." (Ex. 1 at n. 1.) Magistrate Judge Strawbridge also found that it would be prejudicial to plaintiff to allow CBS to reopen discovery. (Ex. 1 at n. 1.) CBS did not file any objections to Magistrate Judge Strawbridge's recommended order within the 14-day statutory period. *See* 13 U.S.C. § 636. Judge Robreno adopted the same findings of Magistrate Strawbridge's recommended order in denying CBS's Motion to Enforce the Settlement Agreement. (Ex. 5; Ex. 6 at 7.)

On April 11, 2013, Judge Robreno entered a suggestion of remand order which triggered the remand process. The order stated that "All discovery has been completed" and "The Court has adjudicated all outstanding motions, including dispositive motions." (Ex. 8 at 1.) Further, Judge Robreno specifically noted that CBS's motion to reopen discovery had been denied, and that "this case is prepared for trial without delay once on the transferor court's docket." (Ex. 8 at 1, 2.) Judge Robreno also stated this case is "ready for trial" (Ex. 8 at 4.)

3

After the case was remanded, CBS moved this Court to reopen discovery. (Ex. 9.) Plaintiff stipulated to limited discovery which had not been part of the MDL proceedings. The stipulated discovery was listed item by item in the joint pretrial report filed with this court.

CBS requested additional discovery in the joint pre-trial report filed in this Court on June 17, 2013, including "Conduct[ing] limited, telephonic depositions of Plaintiff's product identification witnesses by CBS (deposed only by Plaintiff during MDL-875 discovery)." (Ex. 3 at 3 numbered ¶ 3.) These were denied by court order on June 29, 2013. (Ex. 2 at 2.)

ARGUMENT

I.  *CBS's Request to Take New Depositions of Ackley and Schauer Should be Denied*

CBS's motion seeks leave to depose decedent's coworkers Ackley and Schauer for a fourth time. In requesting this relief, CBS asks this Court to disregard the MDL court's finding that no good cause exists to extend the scheduling order deadlines. CBS's request further ignores this Court's previous rulings; first denying a request to reopen fact discovery, and then denying a motion to reconsider the same. To reconsider the MDL rulings defeats the purpose of the consolidated discovery forum provided by the MDL 875 to achieve consistency of rulings. Not only would granting CBS's motion contravene the MDL scheduling and discovery orders in the *Morris* case, it would also set a dangerous precedent for the thousands of MDL cases that will be remanded in the coming years.

In denying a motion to reopen discovery after remand of another MDL 875 case of the same plaintiff firm, Magistrate Judge Crocker commented:

4

> The entire point of transferring this case to the MDL court was for "consolidated and coordinated pretrial proceedings." As the MDL court's website explains, "[t]he purposes of this transfer or 'centralization' process are to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary. . . .

(Ex. 10 at 4-5.) This Court endorsed Magistrate Crocker's reasoning in its July 28, 2013, opinion denying CBS's previous motion to reopen discovery. (Ex. 2 at 2.)

In its fourth and instant motion concerning reopening discovery, CBS suggests that moving the trial date has opened up an entirely new question whether Ackley and Schauer should be deposed again prior to trial. CBS's representation is contrary to the record. In his opinion denying CBS's initial motion to reopen discovery Magistrate Strawbridge emphasized:

> We have already rejected [in an order denying CBS's Motion to Enforce Settlement] CBS's contention that it reasonably relied on an unconfirmed ten year old settlement agreement when failing to conduct discovery. . . . Likewise, we found that CBS did not act diligently in protecting its interests. . . . CBS acknowledged that during discovery it received a deposition notice for [Ackley][3] who would be testifying about CBS but did not object or attend the deposition. . . . Similarly, we previously found that the plaintiff 'continued to serve all documents relating to the lawsuit on CBS' during the discovery period. . . . As a result we find no reason in equity to re-open the long closed discovery and reset the deadlines in this case.

(Ex. 1 at n. 1.) (internal citation omitted). The Court further observed that additional discovery would be prejudicial and impose additional costs on the Plaintiff. (Ex. 1 at n. 1.) When CBS attempted to reopen discovery to take new depositions of Ackley and Schauer in the Joint Pretrial Status Report and related briefing, this Court stated in its July 28, 2013, order: "Revisiting the

---

[3]CBS was given notice in this case of both Ackley and Schauer's depositions, and both notices specified that the witness would be offering testimony concerning Westinghouse. (Ex. 11.) Despite receiving notice, CBS did not object, attend, or even inquire further into the taking of depositions in a case it allegedly believed was settled.

5

MDL court's rulings or excusing a party's non-compliance with the MDL court's scheduling orders would undermine [the goals of MDL proceedings]." (Ex. 2 at 2.)

CBS has seized upon the *sua sponte* postponement of the trial date from April 21, 2014 to September 22, 2014 as another opportunity to do what CBS chose not to do in the MDL – conduct discovery.[4] (CBS Mot. to Reopen Disc., ECF No. 118 at 5, 8.) CBS claims in its request that it had a "reasonable belief of settlement," despite explicit findings in several opinions that CBS's belief was not reasonable. Similarly, CBS points to the fact that it had no opportunity to conduct cross-examination of these witnesses. Again, CBS misstates the record. By CBS's own admission, CBS was served with notice for the depositions of both witnesses it now wishes to depose. CBS was free to attend those depositions and to conduct any necessary cross-examination, but made a decision not to do so. CBS could have followed up with Plaintiff's counsel at the time the notices were served or objected, but did not do so. Now for the fourth time, CBS's motion asks Plaintiff and Plaintiff's witnesses to bear the cost and hardship of CBS's failure to participate in the discovery process.

Finally, CBS claims it "acted diligently in determining what discovery needed to be taken" because local counsel reviewed the deposition transcripts of Ackley and Schauer to determine "making a request to reopen discovery as to these two witnesses was warranted." (CBS Mot. to Reopen Disc., ECF No. 118 at 7.) However, as explained above, CBS has already made post-remand requests for the taking of these depositions in the joint pre-trial report filed on June 17, 2013. (Ex. 3 at 3.) In addition, CBS has been in possession of at least one of the

---

[4]The court offered and Plaintiff counsel was willing to accept trial dates within 45 days of the original trial date. The longer delay was the result of alleged conflicts in the trial schedule of defense counsel.

6

depositions for over a year, as it was attached to CBS's filings in the MDL as early as March of 2013. (Ex. 12 at 2-3.) Despite CBS's representation, there is nothing novel in CBS's newest request for the taking of these co-worker depositions. This is another attempt to repackage the same request for relief that has been denied at least three times before in this case. For the reasons that have previously been given repeatedly in the MDL proceedings and reiterated in this Court on remand, CBS's request must be denied.

II.     *CBS's Request to Take a Deposition of Dr. DeTrana Should be Denied*

CBS also seeks to reopen discovery to take the deposition of a treating physician disclosed in medical records produced by the plaintiff in 2012. (*See* Ex. 13 at 10-12.) Dr. DeTrana ("DeTrana") is a treating physician and is not on either party's trial witness list. Limited discovery, including treating physicians, for this case was granted pursuant to stipulation post-remand on July 28, 2013. A post-remand discovery deadline of February 10, 2014, was set during a scheduling conference on September 10, 2013. (Ex. 2.) The September 12, 2013 scheduling order explicitly provides that: "All requests for discovery must be served by a date *sufficiently early* so that all discovery in this case can be completed no later than February 10, 2014." (Ex. 14 at ¶ 2.)

CBS alleges it first learned of the need to take a deposition of DeTrana after the deposition of Dr. Hoftiezer ("Hoftiezer") on January 20, 2014. However, DeTrana has been repeatedly disclosed in medical records first made available more than two years earlier. DeTrana was disclosed on July 12, 2012 as part of Plaintiff's AO12 report in the MDL. (Ex. 13 at 11-12; Ex. 15 at 1.) The same medical records listing DeTrana were placed in a records

7

repository available to all parties to the *Morris* case in 2011 and referenced as part of interrogatory answers served on all parties in this case on January 15, 2013. (Ex. 15 at 3 numbered ¶ 6; Ex. 16.) Despite knowing of DeTrana, CBS did not list him as a witness in the final pretrial report submitted to this court. DeTrana was also not on Plaintiff's witness list.

CBS now asks this Court to extend discovery so DeTrana can be deposed. CBS contends that it has made sufficient effort to complete discovery on time because beginning five days after the deposition of Hoftiezer CBS's counsel attempted to contact DeTrana for a 12-day period. (CBS Mot. to Reopen Disc., ECF No. 118 at 3, 7.) CBS's careful recounting of its twelve days of phone calls to DeTrana is not good cause to reopen discovery. CBS knew or should have known about DeTrana, but did not list DeTrana as a witness by the pretrial report deadline.

Nor can CBS absolve itself of responsibility because Plaintiff did not disclose DeTrana in Plaintiff's Expert Witness Disclosure. Plaintiff is under no obligation to call DeTrana as a witness, and CBS has waived its right to do so. The purpose of the witness report is to notify CBS and Plaintiff of intended witnesses to be called at trial, not to alert CBS to its shortcomings in discovery.

CBS cannot be allowed to treat court rulings as optional by first failing to take reasonable efforts to comply with discovery, and then asking for the Court to extend discovery after CBS missed its deadlines. Allowing such a result would greatly prejudice Plaintiff even in light of the trial date extension. CBS has not disclosed DeTrana as a witness, and the taking of additional depositions will impose costs and hardship on Plaintiff that were intended to be avoided by the recent scheduling order and prior MDL proceedings. Plaintiff should not be asked to bear these costs for CBS's disregard for the discovery process and deadlines. Further, allowing the

8

deposition of DeTrana will likely lead to additional frivolous motion practice in this case. Given the pattern of behavior of CBS's counsel, CBS will likely rely on any deposition testimony to attempt to admit evidence not timely disclosed, to justify additional discovery, and to otherwise delay the trial and burden Plaintiff.

## CONCLUSION

For the reasons stated above, this Court should deny CBS's motion to re-open discovery. In addition, Plaintiff requests reasonable costs and attorney's fees for the time it took Plaintiff to respond to CBS's duplicative motions to re-open discovery, which have already been denied three times in this case without leave to re-file.

Dated: June 2, 2014

/s/ Robert G. McCoy
WI SBN 1054014
Attorney for plaintiff
Robert G. McCoy
Jin-Ho Chung
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
bmccoy@cvlo.com
jchung@cvlo.com