**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCT LIABILITY LITIGATION (No. VI) | Consolidated Under MDL DOCKET NO. 875 |
| This Document Relates To: | |
| | E.D. WI (Milwaukee) |
| Margaret L. Wondrash, as Special Administrator of the Estate of Michael Morris, | Case No. 2:94-CV-00216 |
| | Hon. Rudolph T. Randa |
| Plaintiff, | |
| v. | |
| Anchor Packing Co., et al., Defendants. | |

**CBS/WESTINGHOUSE'S MOTION IN LIMINE #12 TO EXCLUDE ANY PURPORTED EXPERT TESTIMONY OR OTHER EVIDENCE CLAIMING THAT A "SINGLE FIBER" OF ASBESTOS CAN CAUSE, OR INCREASE THE RISK OF, MESOTHELIOMA, LUNG CANCER, OR OTHER ASBESTOS-RELATED DISEASES**

COMES NOW, Defendant, CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "CBS/Westinghouse"), moves this Court to grant its Motion *In Limine* to Exclude any Purported Expert Testimony or Other Evidence Claiming that a "Single Fiber" of Asbestos Can Cause, or Increase the Risk of, Mesothelioma, Lung Cancer, or Other Asbestos-Related Disease. Such evidence should be excluded because Plaintiff will present no evidence that a single fiber from any particular product caused or contributed to Decedent's alleged development of mesothelioma; such evidence is speculative and lacks any scientific or factual basis; the

1

introduction of such evidence asks the jury to speculate, in the absence of any evidence, that a single fiber from a particular defendant's product might have caused plaintiff's mesothelioma; and the potential prejudice from such evidence far outweighs any possible probative value.

## DISCUSSION

CBS/Westinghouse anticipates that Plaintiff may attempt to introduce expert testimony or other evidence that even a "single fiber" of asbestos can cause mesothelioma and, therefore, increase the risk of mesothelioma. Because such evidence is entirely inconsistent with Plaintiff's attempt to hold all defendants liable based on the alleged cumulative effect of many exposures, and asks the jury to speculate about the actual effect of each single fiber inhaled by Decedent Michael Morris ("Decedent) during his lifetime, such evidence should be excluded from trial.

In *Rutherford v. Owens Ill., Inc.*, 16 Cal. 4th 953 (1997), a case claiming the development of disease from asbestos exposure, the California Supreme Court recognized that it is virtually impossible to prove that any single fiber of asbestos caused or contributed to the disease. Accordingly, the California Supreme Court established a standard of causation in asbestos cases based on total exposure, rather than evidence as to the actual effect of any particular fiber or product. *See also Borg-Warner Corp. v. Flores*, 232 S.W. 3d 765, 773 (Tex. 2007) ("[Plaintiffs' expert] acknowledged that asbestos is 'plentiful' in the ambient air and that 'everyone' is exposed to it. If a single fiber could cause asbestosis, however, 'everyone' would be susceptible. No one suggests this is the case. Given asbestos's prevalence, therefore,

some exposure 'threshold' must be demonstrated before a claimant can prove his asbestosis was caused by a particular product.").

Today, the United States Occupational Safety and Health Administration (OSHA) has established a Permissible Exposure Level (PEL) for general occupational exposure to asbestos fibers of .1 f/cc of air in an eight hour time weighted average (1 fiber per cubic centimeter of air over a sampling period of 30 minutes). See 40 CFR 1910.1001 (c)(1) – (c)(2) (1994). Likewise, the United States Environmental Protection Agency, after an extensive review of the medical literature in the late 1980s, determined that "no studies are available on the acute (short-term) effects of asbestos in animals or humans." *See* EPA Health Effects Notebook for Hazardous Air Pollutants-Draft, EPA-452/D-95-00, PB95-503570, December 1994.

Nonetheless, it is expected that Plaintiff's counsel, and/or Plaintiff's experts will attempt to scare and inflame this jury into believing that the state-of-the-art today, or even in the 1950s and 1960s is or was such that a reasonable friction product manufacturer would have been aware that 1 fiber of asbestos could significantly contribute to disease formation and thus should have warned end users against inhalation of 1 fiber. This patently erroneous testimony has been concocted to allow plaintiffs to pursue *de minimis* exposure claims against companies such as CBS/Westinghouse. For this reason, Plaintiff's "One Fiber Theory of Causation" should be excluded as unreliable, lacking scientific foundation, misleading, and simply litigation-created junk science.

In the present case, there is no measure offered by the Plaintiff of any respirable asbestos exposure associated with CBS/Westinghouse products. Applying the

3

appropriate standard to this case illustrates the true lack of reliability of "every fiber" or "every exposure" as a substantial cause (whether "substantial" is viewed medically or legally) to disease formation. At the threshold level of inquiry, as stated by the EPA in 1994, there are no studies that the EPA deemed to be of scientific value that establish a risk relationship between low level acute exposure to asbestos and disease in humans or animals. In that light, any testimony that "every fiber" of asbestos potentially inhaled by Decedent is a substantial contributing factor to the formation of his alleged health condition should be viewed as nothing more than rank speculation or personal opinion, rendered by a well-paid consultant, and not the appropriate subject for expert medical opinion. As discussed below, the reliable medical literature demonstrates, and even Plaintiff's experts have to admit, that there is a dose relationship associated with mesothelioma (as with all known tumors) and that some exposures are "trivial." Moreover, the "every fiber" or "every exposure" testimony impermissibly reverses the burden of proof as its only underpinnings are an absence of knowledge – not a body of supporting literature.

By seeking to introduce evidence that even a "single fiber" of asbestos can cause mesothelioma, Plaintiff would be seeking to have the jury speculate that even a negligible contact with a particular defendant's product might have caused or increased Plaintiff's Decedent risk of mesothelioma or other asbestos-related disease. Through the theoretical effect of a single fiber Plaintiff would seek a finding of causation without introducing proof of either (1) actual causation from any such single fiber; or, (2) a total exposure to the product sufficient to constitute a substantial factor in increasing the risk

4

of developing disease. In this way, Plaintiff could be relieved of proving any form of causation.

Moreover, any such testimony or evidence is itself speculative and lacking in scientific basis. As noted, the biological mechanisms by which asbestos leads to mesothelioma or lung cancer is unknown and the subject of scientific debate *Rutherford*, 16 Cal. 4th at 974-75. The theory that a single fiber causes mesothelioma, lung cancer, or other asbestos-related disease is just that – a theory. *Id.* It is equally likely, if not more likely, that disease results from the cumulative effect of millions of fibers, to which the contribution of any single fiber would be infinitesimal and theoretical, not a "substantial factor." *Id.*

Since Decedent has been exposed to asbestos-containing products at various work sites, and since the effect of any single fiber is unknown and unknowable, Plaintiff should not be allowed to speculate to the jury about the possible effect of a single fiber. Plainly, the danger of jury speculation from such evidence is substantial and would undermine the substantial factor test employed in Wisconsin. *See Sampson v. Laskin*, 66 Wis.2d 318, 325-26, 224 N.W.2d 594, 597-98 (1975). Because the effect of any single fiber is not at issue in this case, the prejudicial effect of such evidence would far outweigh any probative value and it should be excluded for that reason as well.

## CONCLUSION

For the preceding reasons, CBS/Westinghouse respectfully requests this Court to grant its Motion *In Limine* to Exclude any Purported Expert Testimony or Other Evidence Claiming that a "Single Fiber" of Asbestos Can Cause, or Increase the Risk of, Mesothelioma, Lung Cancer, or Other Asbestos-Related Disease

5
9904476v1
Case 2:94-cv-00216-RTR    Filed 09/08/14    Page 5 of 7    Document 145

Dated this 8th day of September, 2014.

**BOWMAN AND BROOKE LLP**

By /s/ Roshan N. Rajkumar
Roshan N. Rajkumar
150 South Fifth Street, Ste. 3000
Minneapolis, Minnesota 55402
Telephone: (612) 339-8682
Facsimile: (612) 672-3200

**ATTORNEYS FOR DEFENDANT CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA**

## COURT'S RULING

☐ Granted   or   ☐ Denied

Notes:_____

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on September 8, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF.

**BOWMAN AND BROOKE LLP**

By /s/ Roshan N. Rajkumar
Roshan N. Rajkumar